IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DONTAE LAMONT WILLIAMS,
    Plaintiff,

v.                                          Civil No. 3:22cv586 (DJN)

NORFOLK CITY JAIL, *et al.*,
    Defendants.

**<u>MEMORANDUM OPINION</u>**

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). By Memorandum Order entered on January 20, 2023, the Court directed Plaintiff to file a particularized complaint within thirty (30) days of the date of entry thereof and provided Plaintiff with specific instructions on how to do so. (ECF No. 13.) On February 24, 2023, the Court received Plaintiff's Particularized Complaint. (ECF No. 15.) However, the Particularized Complaint still contained some deficiencies. Accordingly, by Memorandum Order entered on March 10, 2023, the Court directed Plaintiff to submit a second particularized complaint within thirty days of the date of entry thereof.[1] (ECF No. 16.) The Court warned Plaintiff that the failure to submit a second particularized complaint would result in the dismissal of the action. (*Id.* at 3.)

---

[1] In the March 10, 2023 Memorandum Order the Court explained as follows:

More than thirty (30) days have elapsed since the entry of the March 10, 2023 Memorandum Order. Plaintiff failed to submit a second particularized complaint or otherwise respond to the March 10, 2023 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: April 17, 2023

---

Plaintiff has followed the Court's directions and included a list of defendants at the top of his Particularized Complaint. However, Plaintiff has not identified the particular constitutional right that was violated by the defendants' conduct and he has failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Instead, Plaintiff only alleges state law claims such as negligence and intentional infliction of emotional distress. Plaintiff also provides a narrative of the facts but does not explain how each defendant was personally involved in the deprivation of his constitutional rights. To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

(ECF No. 16, at 2.)